

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEFFREY A. CADY, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-891-A |
| | § | |
| WELLS FARGO BANK, N.A., AS | § | |
| TRUSTEE, IN TRUST FOR THE | § | |
| REGISTERED HOLDERS OF | § | |
| PARK PLACE SECURITIES, INC., | § | |
| ASSET BACKED PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2005-WC3, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Wells Fargo Bank, N.A., as trustee for the certificateholders of Park Place Securities, Inc., asset-backed pass-through certificates, series 2005-WCW3,[1] for summary judgment. Plaintiffs, Jeffrey A. Cady and Janet A. Cady, have failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

Plaintiffs' Claims

On October 3, 2014, plaintiffs filed their original petition in the 352nd Judicial District Court of Tarrant County, Texas,

---

[1] Defendant says that it was incorrectly named in plaintiff's first amended complaint.

seeking to prevent the foreclosure of property located in Tarrant County, Texas. Plaintiffs alleged that defendant lacked authority to conduct the foreclosure because the originating lender improperly placed an escrow account and misapplied payments thereafter. Plaintiffs asserted claims under the Texas Debt Collection Act, Tex. Fin. Code § 392.304(a)(8) & (19), and for breach of contract. They also requested a declaratory judgment that they were not in default on their loan.

Defendant brought the action before this court by notice of removal filed November 3, 2014. The court ordered that plaintiffs file an amended complaint in keeping with the requirements of the Federal Rules of Civil Procedure. On November 17, 2015, plaintiffs filed their first amended complaint asserting the same substantive claims, but omitting the request for declaratory relief.

II.

Grounds of the Motion

Defendant first urges that plaintiffs' claims are barred by res judicata and/or collateral estoppel, as plaintiffs' claims were or could have been the subject of an earlier lawsuit against defendant's predecessor. In the alternative, defendant urges that plaintiffs could not prevail in any event as their loan was properly handled.

2

III.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party

3

as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

Federal courts give state court judgments the same preclusive effect as they would be given under the law of the state where rendered. A.L.T. Corp. v. Small Bus. Admin., 801 F.2d

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

Case 4:14-cv-00891-A   Document 16   Filed 10/26/15   Page 5 of 6   PageID 220

1451, 1455 (5th Cir. 1986)(citing <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984)). Under Texas law, res judicata or claim preclusion applies where there is a prior judgment on the merits by a court of competent jurisdiction, identity of parties or those in privity with them, and a second action based on the same claims that were or could have been raised in the first action. <u>Amstadt v. U.S. Brass Corp.</u>, 919 S.W.2d 644, 652 (Tex. 1996). Through its summary judgment evidence, defendant has established that each of those elements exists here. The claims asserted here were or could have been raised in an earlier action brought by plaintiffs against defendant's predecessor in interest under Cause No. 017-237464-09 in the 17th Judicial District Court of Tarrant County, Texas. The court in that case granted motions for summary judgment in favor of the defendants there and against plaintiffs. The judgment of the state court is entitled to preclusive effect here. <u>Ellis v. Amex Life Ins. Co.</u>, 211 F.3d 935, 937 (5th Cir. 2000)(citing <u>Hogue v. Royse City</u>, 939 F.2d 1249, 1252 (5th Cir. 1991)(giving res judicata effect to a summary judgment ruling)).[3] The claims here arise out of the same nucleus of operative facts as those raised in the earlier action. <u>In re Southmark Corp.</u>, 163 F.3d 925, 934 (5th Cir. 1999).

---

[3] A discussion of collateral estoppel is unnecessary.

In the alternative, defendant has established that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law that plaintiffs take nothing on their claims in this action.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiffs take nothing on their claims against defendant; and, that such claims be, and are hereby, dismissed with prejudice.

SIGNED October 26, 2015.

_____
JOHN McBRYDE
United States District Judge